**FILED**
April 09, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: CSanchez
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **HON. DAVID C. GUADERRAMA** | §<br>§<br>§<br>§<br>§<br>§ | **ALL IMMIGRATION HABEAS CASES** |

**STANDING ORDER TO PROVIDE STATUS UPDATES IN IMMIGRATION HABEAS CASES**

In recent months, individuals in immigration detention have filed hundreds of petitions for writs of habeas corpus in the Western District of Texas.[1] While the Court considers the merits of each petition, intervening developments in the petitioner's removal proceedings can alter the analytical framework of the case, or even moot the petition entirely.[2] To rule intelligently and efficiently on each petition, the Court relies on the parties to provide notice when any such development occurs.

---

[1] *See, e.g.*, *Huanaga-Luna v. Bondi*, No. 3:26-CV-00462-DCG, 2026 WL 822444, at *1 (W.D. Tex. Mar. 19, 2026) ("Since June 2025, the undersigned Judge has received roughly 105 habeas corpus petitions from immigration detainees.").

*See also, e.g.*, *Longoria Mendoza v. Noem*, No. 5:26-CV-0728-JKP, 2026 WL 809441, at *2 (W.D. Tex. Feb. 26, 2026) ("The Court could not agree more that the federal courts lack staff, time, and resources to handle the flood of habeas cases resulting from the current emphasis on immigration detention and removal.").

[2] *See, e.g., Berrezueta v. Decker*, No. 1:20-CV-10688, 2021 WL 601649, at *1 (S.D.N.Y. Jan. 11, 2021) (noting that "[r]elease from custody generally renders a habeas petition moot").

*See also, e.g.*, *Zamudio Sanchez v. Noem*, No. 3:25-CV-00403-DCG, 2026 WL 596133, at *16 (W.D. Tex. Mar. 2, 2026) (stating that "the Court has based its analysis on the assumption that [a removal order] does not exist," but "[i]f that assumption is incorrect, a different analytical framework may apply" (citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001))).

The Court therefore **ORDERS** that **ANY PARTY** to an immigration habeas case **SHALL** inform the Court if:

(1) the Government transferss the petitioner to a new detention center;

(2) the Government grants the petitioner a custody redetermination hearing;

(3) the Government issues an order of removal against the petitioner;

(4) the petitioner's order of removal becomes administratively final;[3]

(5) the Government removes the petitioner to another country; *or*

(6) the Government otherwise releases the petitioner from custody.

That party **SHALL** provide such notice **AS SOON AS POSSIBLE**.

While the petitioner **SHALL** update the Court on any critical developments that occur after the petition is filed, each party **SHALL** share this responsibility if and when the Court orders the respondent(s) to show cause.

If the opposing party disagrees with the filing party's characterization of the facts, that party **SHALL** inform the Court within three days.[4]

---

[3] *See* 8 C.F.R. § 1241.1 (explaining how "[a]n order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final").

[4] *See generally* FED. R. CIV. P. 6(a)(1)(C) ("When the period is stated in days or a longer unit of time . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

Finally, the Clerk of Court **SHALL DOCKET** this Standing Order in all **PENDING** and **FUTURE** civil cases labeled with the "Nature of Suit" code "463 Habeas Corpus – Alien Detainee" and assigned to the undersigned Judge.

**So ORDERED and SIGNED this 9th day of April 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**